UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:22-cv-638

DENISE GILMAN,

    Plaintiff,

vs.

JETBLUE AIRWAYS
CORPORATION, a foreign corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL OF A CIVIL ACTION

Defendant, JetBlue Airways Corporation ("JetBlue"), by and through its attorneys, Morgan & Akins, PLLC, pursuant to 28 U.S.C. §§1332(a), 1441(a), and 1446, gives notice of its removal of this action from the Circuit Court for the Ninth Judicial Circuit, Orange County, Florida, to the United States District Court for the Middle District of Florida. As grounds for removal, JetBlue states as follows:

### I.   BACKGROUND

1.    Plaintiff, Denise Gilman ("Gilman"), filed the present personal injury action in the Ninth Judicial Circuit, Orange County, Florida, Case No. 2022-CA-001010-O, against JetBlue. Copies of all process, pleadings and orders served upon JetBlue are attached as Ex. A, in accordance with 28 U.S.C. §1446(a).[1]

2.    This action arises from a "trip and fall," incident at Orlando International Airport where Gilman was allegedly injured. (Ex. B., Compl.).

---

[1] The documents have been separated in accordance with the parameters imposed by the United States District Court for the Middle District of Florida. Exhibit A-1 is the Complaint; Ex. A-2 is the Answer; Exhibit A-3 is the Docket; and Exhibit A-4 are the remaining pleadings required to be filed.

3.      When the action was commenced, complete diversity existed by and between the parties. Gilman is a citizen and resident of Massachusetts. (Ex. B, ¶2). JetBlue is a Delaware corporation with its principal place of business in Long Island City, New York. (Ex. B, ¶3; Ex. C, FL. Sunbiz Entity Detail).

4.      Accordingly, due to the claims asserted and the complete diversity of the parties, JetBlue seeks to remove this action to the United States District Court for the Middle District of Florida.

## II.    REMOVAL IS PROPER PURSUANT TO 28 U.S.C. §§1332(a) and 1441

5.      This Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. §§1332(a) and 1441(a), because: (i) this Notice has been timely filed; (ii) there is complete diversity between the parties; and (iii) Gilman's claim is alleged to exceed the sum of $75,000.00.

### A.    Notice of Removal is Timely and Procedurally Proper

6.      Gilman's Complaint, filed on February 3, 2022, alleged an action for damages exceeding $30,000.00, the jurisdictional minimum for Florida's Circuit Courts. (Ex. B, ¶1). The Complaint was served upon JetBlue on March 2, 2022. (Ex. D, Proof of Service).

7.      This Notice has been filed within thirty (30) days of JetBlue being served and confirmation that the amount in controversy requirement has been satisfied. See 28 U.S.C. §1446(b)(3). This Notice has been filed prior to the expiration of the thirty (30) days referenced in the statute, which expires on April 1, 2022.

B. **There is Complete Diversity Between the Parties**

8. Section 1332(a) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a).

9. For diversity purposes, corporations are considered to be citizens of the states in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

10. As Gilman acknowledged, JetBlue is not a Florida citizen. (Ex. B, ¶3).

11. Pursuant to statute, JetBlue is a citizen of Delaware and New York; it is a Delaware corporation with its principal place of business in Long Island City, New York. (Ex. B, ¶3; Ex. C).

12. Gilman is a citizen of the state of Massachusetts. Gilman has alleged that she is a citizen and resident of Massachusetts. (Ex. B, ¶2). It is well established that residence is *prima facie* evidence of a party's domicile and, by extension, citizenship. See Katz v. J.C. Penny Corp., Inc., No. 09-CV-60067, 2009 WL 1532129 (S.D. Fla. Jun. 1, 2019); citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *Deckers v. Kenneth W. Rose, Inc.*, 592 F. Supp. 25, 28 (M.D. Fla. 1984).

13. Therefore, complete diversity exists.

C. **The Amount in Controversy Exceeds $75,000**

14. In order to be removable based upon diversity, the amount in controversy must exceed $75,000.00, exclusive of interest, and costs. 28 U.S.C. §1332(a).

15. The amount in controversy in this case exceeds $75,000.00. The allegations contained in Gilman's complaint reflect that she is seeking damages for "permanent injuries," that she lost "earnings in the past and the ability to earn money in the future," and that she suffered

"mental pain and suffering…" (Ex. B, ¶9). These allegations, coupled with her pre-suit demand of $450,000.00, and accompanying documentation reflecting medical expenses exceeding $189,000, demonstrates that the amount in controversy exceeds the amount necessary to invoke the jurisdiction of this District Court.[2] (Ex. E, Nov. 15, 2021 Demand Ltr.; Ex. F, Supporting Billing Documentation).

16.     Based upon the complaint's allegations, coupled with representations made by Gilman in her demand letter and the supporting , the amount-in-controversy requirement has been satisfied. *Cf. Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."); see also *Mick v. De Vilibiss Air Power Co.*, No. 6:10-cv-1390-Orl-28GJK, 2010 WL 5140849 (M.D. Fla. Dec. 14, 2010) (holding customer's pre-suit demand letter alleging damages of $175,000, was sufficient to establish an amount in controversy exceeding $75,000); *Katz v. J.C. Penney Corp., Inc.*, No. 09-CV-60067, WL 1532129 (Fla. S.D. Fla., June 1, 2009) (holding that jurisdiction amount had been met wherein Plaintiff's sought $58,995.78 in medical expenses and remainder of $16,004.22 could be accounted for in the plaintiff's allegations of future medical costs and for pain and suffering).

---

[2] A district court may consider a pre-suit demand letter in making its determination regarding satisfaction of the amount-in-controversy requirement. See *AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008) (affirming district court's consideration of pre-suit demand letter on removal in concluding the amount-in-controversy requirement was satisfied); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007) (district court may consider the notice of removal and accompanying documents when deciding upon a motion to remand); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (district court may consider evidence outside of the removal petition if the facts existed at the time of the removal); *Katz v. J.C. Penney Corp.*, No. 09-cv-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) ("Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed.").

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN OR WILL BE COMPLETED

17. Pursuant to the procedural requirements for removal set forth in 28 U.S.C. §1446(d), JetBlue will file a Notice of Filing Notice of Removal with the Clerk of Court for the Ninth Judicial Circuit, in and for Orange County, Florida, and will provide written notice of this Removal to all parties via e-service.

18. As stated above, true and correct copies of all documents filed in the state action have been filed as required by statute. See 28 U.S.C. §1447(b); see also Ex. A.

19. Venue is this Court is proper pursuant to 28 U.S.C. §1441(a), as this action is being removed from the state court in which it was originally filed – the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida – to the District Court of the United States for the district and division in which such action is pending, the Middle District of Florida.

### IV. CONCLUSION

JetBlue has satisfied the requirements of removal jurisdiction under 28 U.S.C. §1332(a) and this action is removable to this Court pursuant to 28 U.S.C. §§1441(a) and 1446

Respectfully submitted,

*/s/ Patrick K. Dahl*
Patrick K. Dahl, Esquire (084109)
pdahl@morganakins.com
Florida Bar No. 084109
MORGAN & AKINS, PLLC
Attorneys for JetBlue Airways Corporation
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 31, 2022, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                     /s/ Patrick K Dahl
                                     Patrick K. Dahl, Esquire

**SERVICE LIST**

Gary J. Boynton, Esquire
1150 Louisiana Avenue, Suite 1
Winter Park, FL  32789
docs@garyjboynton.com
denyse@garyjboynton.com
doreen@garyjboynton.com